**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhonda Glover, | No. CV-14-02511-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, | |
| Defendant. | |

Plaintiff Rhonda Glover, legal guardian and grandmother of minor claimant D.H., appeals a denial of benefits by the Acting Commissioner of Social Security ("Commissioner"). (Doc. 11). The Court now rules on this appeal.

## I.     Background

### A.     Procedural History

Plaintiff filed an application for disability insurance benefits on January 24, 2011 on behalf of her minor grandson, D.H., alleging D.H.'s disability beginning July 1, 2008. (Doc. 11 at 2; TR at 16). The claim was initially denied on November 4, 2010 and again upon reconsideration on October 28, 2011. (TR at 16). Plaintiff requested a hearing, which was conducted by an Administrative Law Judge ("ALJ") on April 11, 2013, with a final decision entered April 23, 2013. (*Id.* at 10).

### B.     Factual Background

D.H. was born in 2006. (Doc. 11 at 2). In 2010, D.H. was diagnosed with a disruptive behavior disorder after an evaluation at Centro De Amistad. (*Id.*) Dr. Christina

Katen evaluated D.H. in March 2011, diagnosing him with attention deficit hyperactivity disorder ("ADHD") and oppositional defiance disorder ("ODD"). (TR at 22). Dr. Katen found that acquisition and integration of new information was difficult for D.H., as his "mood dysregulation consumes most of his energy throughout his day with aggression and defiance being his primary coping skills." (*Id.*) D.H. began to take Adderall in 2012 to treat his ADHD. (*Id.* at 21, 392–95).

D.H.'s kindergarten teacher, Lisa Van Duyne, completed Teacher Questionnaires in September 2011 and August 2012. (*Id.* at 264–71, 350–57). Both questionnaires noted that D.H. had no problems acquiring and using information or moving about and manipulating objects. (*Id.* at 265, 268, 351, 354) Ms. Van Duyne reported low to moderate issues with attending and completing tasks and moderate to high problems interacting and relating with others. (*Id.* at 266–67, 352–53) D.H.'s first grade teacher, Laura Belliveau, noted a slow improvement in D.H.'s behavior and grades after he was placed on medication, but also expressed concern after observing a regression to previous behavior. (*Id.* at 282). Ms. Belliveau rated D.H.'s academic skills as "average" to "excellent," but remarked that he struggled with his relationships with peers and not disrupting class. (*Id.* at 286). Ms. Belliveau noted further that "[D.H.]'s behavior has improved immensely since the start of his medication." (*Id.* at 287). D.H.'s report card for the 2011–2012 school year shows that he meets or exceeds the standards in every academic area, but is "satisfactory" or "needs improvement" in social areas. (*Id.* at 272–73). Plaintiff testified that D.H. is not in a special education program. (*Id.* at 40).

Dr. Daniel Wiseman, a pediatrician, reviewed D.H.'s file and interviewed him during the hearing. (*Id.* at 40–43). Dr. Wiseman found that, while D.H.'s ADHD caused him difficulties, D.H.'s symptoms were not of the severity to meet, medically equal, or functionally equal a listed impairment in the C.F.R. (*Id.* at 46–47).

## II.     Disability

### A.     Three-Step Evaluation Process

The ALJ follows a three-step process to evaluate whether a child is disabled. First,

the ALJ determines whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a), (b). If the child is engaged in substantial gainful activity, then the child is not disabled. *Id.* § 416.924(b). Second, the ALJ determines whether the child has a "medically determinable impairment(s) that is severe." *Id.* § 416.924(c). For purposes of this step, "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations" does not constitute a severe impairment. *Id.* If the child has no severe, medically determinable impairment, then the child is not disabled. *Id.* Finally, the ALJ must determine whether the child's impairment "meet[s], medically equal[s], or functionally equal[s] the listings." *Id.* § 416.924(d). The impairment medically equals a listed impairment if "it is at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 416.926(a); *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). The impairment is functionally equivalent to a listed impairment if the child has a "marked" limitation in two areas or an "extreme" limitation in one area. 20 C.F.R. § 416.926a (a); *Howard*, 341 F.3d at 1012.

In making disability determinations, the ALJ must "develop the record and interpret the medical evidence." *Howard*, 341 F.3d at 1012 (citing *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996)). In doing do, however, "the ALJ does not need to 'discuss every piece of evidence.'" *Id.* (citing *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) and *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984)).

### B.      The ALJ's Decision

At step one, the ALJ determined that D.H. is not engaged in gainful employment. (TR at 19). At step two, the ALJ determined that D.H. has three medically determinable, severe impairments: ADHD, ODD, and a disruptive behavior disorder. (*Id.*) At step three, the ALJ found that D.H. does not have an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment. (*Id.* at 19–20). Accordingly, the ALJ concluded that D.H. is not disabled and therefore Plaintiff is not entitled to benefits. (*Id.* at 29).

1

2

### C.      Standard of Review

A district court:

> may set aside a denial of disability benefits only if it is not supported by substantial evidence or if it is based on legal error. Substantial evidence means more than a mere scintilla but less than a preponderance. Substantial evidence is relevant evidence, which considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's decision must be upheld.

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation and quotation marks omitted). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Under this standard, the Court will uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). However, the Court must consider the entire record as a whole and cannot affirm simply by isolating a "specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation omitted).

### III.    Discussion

Plaintiff's main objections to the ALJ's decision primarily center on the way the ALJ assigned weight to the various sources of evidence. Specifically, Plaintiff argues that the ALJ erred by assigning "little weight" to Dr. Katen's assessment, ignoring Dr. Criollo's assessment, and relying on Dr. Wiseman's opinion. (Doc. 11 at 15–17). Plaintiff contends further that the ALJ erred by not considering D.H.'s anxiety disorder and incorrectly assessing Ms. Van Duyne's questionnaires. (*Id.* at 18–19, 24). Finally, Plaintiff asserts that it was error for the ALJ to disregard the opinions of Ms. Belliveau, Plaintiff's neighbors, and Plaintiff. (*Id.* at 17-19, 23). As these objections differ in nature, the Court will address them separately.

### A.      Dr. Katen

Plaintiff's first argument is that the ALJ erroneously assigned "little weight" to Dr.

Katen's assessment of D.H. (*Id.* at 20). The ALJ explained that he diminished the weight given to Dr. Katen's assessment because the assessment was "a one-time snapshot" and because the assessment was inconsistent with D.H.'s medical and school records and with Plaintiff's Function Report. (TR at 22).

ALJs are entitled to give less weight to physicians that do not regularly treat a claimant or who are not procured for the purpose of treatment. 20 C.F.R. § 416.927. Neither party disputes that the only time Dr. Katen examined D.H. was in March 2011. (TR at 321).

The ALJ's assignment of "little weight" to Dr. Katen's assessment is further buttressed by his reasonable findings that Dr. Katen's assessment was inconsistent with the medical record and D.H.'s school records. In particular, the ALJ found that Dr. Katen's assessment was inconsistent with the reports of D.H.'s teacher, Ms. Van Duyne, and of Dr. Wiseman. (*Id.* at 22). Additionally, the ALJ noted that D.H. was receiving fairly good grades. (*Id.* at 21, 278–79). The ALJ further observed that D.H. was a mainstream student, as opposed to a special education student. (*Id.* at 23, 40). These school and medical records showing D.H.'s functionality, combined with the evidence showing the limited nature of Dr. Katen's treating relationship with D.H., constitute substantial evidence supporting the ALJ's decision to assign Dr. Katen's assessment diminished weight. Therefore, the ALJ did not err by assigning "little weight" to Dr. Katen's assessment.

### B.    Dr. Criollo

Plaintiff further contends that the ALJ erred by failing to consider Dr. Criollo's April 4, 2013 assessment of D.H. (Doc. 11 at 14). The Commissioner asserts that Dr. Criollo's assessment was not timely submitted to the ALJ and the ALJ could not fail to consider evidence that was never properly submitted. (Doc. 13 at 7).

All documentation submitted to the ALJ for consideration must be "delivered or mailed to the administrative law judge within the time frames that he or she prescribes." 20 C.F.R. § 405.333. The Hearing Notice provides that a claimant may submit the

evidence before the hearing or bring it to the hearing. (TR at 175). No mention is made of any evidence submitted post-hearing. Thus, the Court finds that the ALJ did not need to consider Dr. Criollo's April 4, 2013 assessment, because it was not submitted until after the hearing and is, therefore, untimely.

Regardless, the Appeals Council did receive and consider Dr. Criollo's assessment when denying review of the ALJ's decision. (*Id.* at 5–6). Furthermore,

> when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

*Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012). This Court will therefore consider whether the ALJ's opinion is supported by substantial evidence when Dr. Criollo's April 4, 2013 assessment is part of the record.

In making his finding of nondisability, the ALJ gave great weight to medical records by Dr. Criollo showing that D.H. was improving with medication,[1] (TR at 384, 390, 438), as well as Dr. Wiseman's expert testimony, (*Id.* at 21), and Plaintiff's Function Report, (*Id.* at 222–29). The Court cannot conclusively state that Dr. Criollo's April 4, 2013 assessment, consisting of a simple checkbox denotation that D.H. suffered from marked limitations, substantially counters the other evidence credited by the ALJ. *See Batson*, 359 F.3d at 1195 (citation omitted) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole"); *Crane*, 76 F.3d at 253 (citation omitted) (finding that an ALJ may permissibly reject "check-off reports that [do] not contain any explanation of the bases of their conclusions"). Upon careful review of the record, the Court finds that substantial evidence supports the ALJ's decision, even if Dr. Criollo's April 4, 2013 assessment is taken into account.

---

[1] In contrast to Dr. Criollo's April 4, 2013 assessment, the medical records relied on by the ALJ contain observations of D.H.'s symptoms and are not simply a checklist of conclusions.

### C.    Dr. Wiseman

Plaintiff argues that Dr. Wiseman's opinion does not constitute substantial evidence to support the ALJ's finding of nondisability. (Doc. 11 at 15). Plaintiff notes that Dr. Wiseman did not take into account Dr. Criollo's April 4, 2013 assessment, which Plaintiff argues indicates D.H.'s major limitations. (*Id.*). Plaintiff further argues that, as a nonexamining physician, Dr. Wiseman's opinion cannot serve as substantial evidence to support the ALJ's finding without the opinion being based on the entire record. (*Id.* at 16). Plaintiff maintains that Dr. Wiseman's review of the record was not complete without Dr. Criollo's April 4, 2013 assessment. (*Id.* at 16–17). The Commissioner asserts that Dr. Wiseman's opinion was consistent with other evidence in the record and was validly assigned substantial weight. (Doc. 13 at 8).

ALJs give weight to a nonexamining source based on factors laid out by the regulations. The following factors are applicable here:

> Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
>
> Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

20 C.F.R. § 416.927(c)(4)–(5); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

This Court found that Dr. Criollo's April 4, 2013 report was not properly before the ALJ. Plaintiff cannot fail to timely complete the record and then require the ALJ to disregard expert testimony because the record the expert reviewed was incomplete. Thus, the Court considers Dr. Wiseman to have reviewed the complete record as of the hearing.

Nevertheless, even without reviewing Dr. Criollo's April 4, 2013 assessment, Dr. Wiseman reviewed several years' worth of treatment notes, teacher evaluations, and school records, so it cannot be said that his opinion is without basis. The Court also

recognizes that, as Plaintiff points out, the record contains evidence of behavior that is consistent with the limitations claimed by Plaintiff. (Doc. 11 at 3–6). But the record also contains evidence of behavior that indicates D.H. has no marked or severe limitations. For example, as Dr. Wiseman explained in his testimony, D.H. is a mainstream student, receives normal grades, and has shown improvement in his behavior at school. (TR at 44–45). The medical records also indicate multiple times when Plaintiff reported D.H.'s medications as being helpful. (*Id.* at 384, 390, 438). This evidence shows that Dr. Wiseman's opinion is consistent with substantial record evidence, even if other record evidence contradicts his opinion. It is the ALJ's duty to resolve these types of conflicts in the evidence. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) ("Generally, questions of credibility and resolution of conflicts in the testimony are functions solely for the agency.") (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (internal quotation marks omitted)). Accordingly, the Court must defer to the ALJ's decision to give significant weight to Dr. Wiseman's opinion.

### D.   Anxiety Disorder

Plaintiff argues that the ALJ erred by not considering D.H.'s anxiety disorder. (Doc. 11 at 5 n.6). The Commissioner contends that the diagnosis was not specifically before the ALJ, and it is therefore permissible to not consider it. (Doc. 13 at 7). The Commissioner asserts that the only evidence of an anxiety disorder diagnosis is not attributable to an acceptable medical source and there is no evidence it was a medically determinable impairment. (*Id.* at 7 n.3).

After a thorough review of the record, the Court is persuaded that the only evidence of an anxiety disorder diagnosis, (TR at 427), is not attributable to an acceptable medical source as defined by 20 C.F.R. § 416.913. The Court further agrees with the Commissioner that the evidence does not constitute sufficient evidence of a medically determinable impairment. *See generally* SSR 96-4p, 1996 WL 374187 (July 2, 1996).

Here, the evidence of an anxiety disorder diagnosis appears to be from a self-reported diagnosis by Plaintiff. (TR at 427). The ALJ gave significant weight to

Plaintiff's 2011 Function Report over her other testimony. (*Id.* at 21). As the evidence of an anxiety disorder is effectively lay testimony by Plaintiff, the ALJ did not err in disregarding it for the reasons he disregarded Plaintiff's other testimony. Thus, the Court finds that the ALJ did not err in failing to discuss the alleged anxiety disorder.

### E.    Ms. Van Duyne

Plaintiff contends the ALJ erred by giving substantial weight to Ms. Van Duyne's September 2011 questionnaire and rejecting the August 2012 questionnaire. (Doc. 11 at 18). Plaintiff maintains that "[t]he ALJ gave the initial Teacher Questionnaire 'substantial weight' but did not note [Ms. Van Duyne's] negative comments." (Doc. 14 at 4). The Commissioner responds that the ALJ considered both the 2011 and 2012 questionnaires and remarked upon the differences between the two. (Doc. 13 at 12).

"Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld, . . . and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citations omitted).

The ALJ gave substantial weight to the opinions of Ms. Van Duyne, (TR at 21), and cited both the September 2011 and the August 2012 questionnaires in support of his findings, (*Id.* at 21, 24, 26–28). As the Commissioner correctly observes, (Doc. 13 at 12), the ALJ noted Ms. Van Duyne's increasing concerns regarding D.H.'s behavior between the two questionnaires, (TR at 21). The ALJ remarked that an October 2012 medical report indicated D.H. was seeing improvement with medication and found that the regression in behavior was not long term. (*Id.*) Finally, the ALJ found D.H.'s grades to be further evidence that the regression noted by Ms. Van Duyne was controllable with medication. (*Id.*) The ALJ's finding is consistent with substantial record evidence, even if other record evidence contradicts his conclusion. Accordingly, the Court defers to the ALJ's decision.

### F.    Ms. Belliveau

Plaintiff argues that the ALJ violated 20 C.F.R. § 416.913(d)(4) by not considering

1  the opinions of Ms. Belliveau, D.H.'s first grade teacher. (Doc. 11 at 17). Plaintiff further

2  contends that the ALJ erred by not providing reasons germane to Ms. Belliveau for

3  disregarding her opinions. (*Id.*) The Commissioner responds generally that the ALJ

4  provided germane reasons for the weight assigned to lay testimony and that any error is

5  harmless. (Doc. 13 at 11).

6      It is true that an ALJ must consider lay witness testimony. *See* 20 C.F.R. §§

7  404.1513(d)(4), (e); 416.913(d)(4), (e). Further, the ALJ must provide "reasons that are

8  germane to each witness" for discounting lay testimony. *Stout v. Comm'r, Soc. Sec.*

9  *Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citations omitted). Competent lay witness

10  testimony "cannot be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462,

11  1467 (9th Cir. 1996).

12      Ms. Belliveau's alleged "testimony" is in the form of an undated letter to

13  Plaintiff.[2] (TR at 282). In the letter, Ms. Belliveau expresses concern that D.H. is

14  regressing to previous behaviors after having shown improvement on medication. (*Id.*)

15  The Court finds it illogical to expand the definition of lay testimony to include this

16  evidence. Although "testimony" is interpreted more loosely in an administrative hearing,

17  the Court is not willing to include written statements that were neither directed at nor

18  intended to be used by the ALJ. Thus, the Court finds that, as Ms. Belliveau's opinion

19  was not "testimony," the ALJ was not required to provide germane reasons for

20  disregarding it.

21      Regardless, even if Ms. Belliveau's opinion is considered testimony, any error

22  associated with disregarding it is harmless. The general principle is that an ALJ's error is

23  harmless where it is "inconsequential to the ultimate nondisability determination."

24  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations omitted). In other words,

25  _____

26  [2] Plaintiff does not specify which of Ms. Belliveau's opinions are at issue. (Doc.
11 at 17). However, the Court need not discuss Ms. Belliveau's April 19, 2013

27  assessment, (TR at 286–87), as it was completed after the hearing and was not before the
ALJ, (*Id.* at 32). The ALJ could not have erred by failing to consider a report that was not

28  even in existence at the time of the hearing. Further, the assessment is generally
consistent with the record as a whole and would likely have only lent support to the
ALJ's findings.

when looking at the record as a whole, the court must determine whether the error alters the outcome of the case. *Id.* Ms. Belliveau's letter describes D.H. as a student who has difficulties with hyperactivity and impulse control, but who has experienced success with medication. (TR at 282). Ms. Belliveau's opinion is generally consistent with those of Ms. Van Duyne and Dr. Wiseman, both of which the ALJ gave substantial weight. (*Id.* at 21). The Court cannot reasonably say that Ms. Belliveau's opinion would have had any impact on the ALJ's findings. Thus, the Court finds substantial evidence supports the ALJ's conclusion, even if Ms. Belliveau's opinion is taken into account.

### G.     Neighbors

Plaintiff asserts that the ALJ erred in giving little weight to Plaintiff's neighbors' opinions. (Doc. 11 at 19). Plaintiff contends that the ALJ did not evaluate the neighbors' opinions in accordance with SSR 06-03p. *See* SSR 06-03p, 2006 WL 2329939 at *4–5 (Aug. 9, 2006). The Commissioner responds that the ALJ reasonably accorded the opinions little weight and provided germane reasons for doing so. (Doc. 13 at 13–14).

As stated above, in determining whether a claimant is disabled, an ALJ must consider lay witness testimony. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Although an ALJ is required to take into account lay witness testimony about a claimant's symptoms, the ALJ may discount that testimony by providing "reasons that are germane to each witness." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citations omitted).

Plaintiff is correct that the ALJ must consider evidence from non-medical sources, including neighbors. 20 C.F.R. § 416.913(d)(4). However, Plaintiff appears to conflate the mandate to consider such evidence with a requirement to grant it substantial weight. (Doc. 11 at 19). The ALJ need only provide germane reasons for discounting the neighbors' opinions. *Greger*, 464 F.3d at 972.

Here, the ALJ properly provided reasons for assigning the opinions little weight. First, the ALJ noted that the neighbors gave only brief statements, which is a valid consideration. (TR at 21). *See* 20 C.F.R. § 416.927(c)(3) (stating that when a source

"presents relevant evidence to support an opinion . . . the more weight [the ALJ] will give that opinion"). Second, the ALJ discounted the opinions because the neighbors "are not involved with [D.H.] in an academic capacity." (TR at 21).  As the ALJ gave substantial weight to Ms. Van Duyne's opinions, he could reasonably assign less weight to the neighbors' opinions as inconsistent with the record and as non-specialists. 20 C.F.R. § 416.927(c)(4), (5). Finally, that the neighbors are neither related to D.H. nor medical experts reasonably gives their opinions less weight than those of Plaintiff or Dr. Wiseman. *See id.* § 416.927(c)(2)(ii), (5). Therefore, the Court finds the ALJ provided germane reasons for assigning the neighbors' opinions little weight.

### H.    Plaintiff's Testimony

Plaintiff contends the ALJ erred by giving significant weight to the 2011 Function Report rather than to her testimony. (Doc. 11 at 22–23). Plaintiff argues that the ALJ further erred by not providing clear and convincing reasons for rejecting her testimony. (*Id.* at 24).  Finally, Plaintiff argues that D.H.'s age at the time of the Function Report renders the report inherently less reliable than Plaintiff's more recent testimony. (*Id.* at 23). The Commissioner responds that the ALJ properly provided germane reasons why the Function Report was more credible. (Doc. 13 at 16). Additionally, the Commissioner asserts that Plaintiff confuses her status as a plaintiff with that of a claimant and therefore applies the incorrect standard for rejecting Plaintiff's testimony. (*Id.* at 14–16).

"[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). In contrast, the ALJ may discount the testimony of lay witnesses simply by providing "reasons that are germane to each witness." *Greger*, 464 F.3d at 972 (citations omitted).

The Commissioner correctly distinguishes between the Plaintiff, a lay witness, and D.H., the claimant. (Doc. 13 at 14–16). The ALJ need only provide germane reasons for discounting Plaintiff's testimony. Here, the ALJ did not assign weight to or explicitly accept or reject Plaintiff's testimony. Rather, the ALJ assigned significant weight to

Plaintiff's 2011 Function Report as it was "generally consistent with [the] opinions of Ms. Van Duyne and [Dr.] Wiseman." (TR at 21). Consistency with the record as a whole is a valid reason to grant an opinion greater weight. 20 C.F.R. § 416.927(c)(4).

Even so, it is not entirely clear that the ALJ actually rejected or discounted Plaintiff's testimony. In fact, the ALJ favorably referenced Plaintiff's testimony when making his findings. (TR at 23, 25). It seems that the ALJ gave significant weight to the parts of Plaintiff's testimony that were consistent with the Function Report and the record as a whole. Although the ALJ did not specify the weight given to Plaintiff's testimony, any failure to give the testimony more particular treatment is harmless error. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (internal quotations omitted) (citations omitted) ("An error is harmless if it is inconsequential to the ultimate nondisability determination or if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.").

Finally, Plaintiff's contention that the Function Report is inherently less reliable than Plaintiff's testimony, given D.H.'s age at the time, lacks merit. The Function Report is dated February 11, 2011. (TR at 222). Plaintiff maintains that D.H.'s "was simply too young" for the report to be entirely accurate. (Doc. 11 at 23). However, Plaintiff simultaneously argues that Dr. Katen's findings, dated March 23, 2011 (TR at 321), are more accurate than those of Dr. Wiseman, who testified at the hearing on April 11, 2013 (*Id.* at 36), or those of Ms. Van Duyne, D.H.'s teacher for the 2011–2012 school year (*Id.* at 264). Upon careful review of the record as a whole, the Court is unconvinced that the ALJ erred by giving significant weight to the 2011 Function Report, regardless of D.H.'s age.

In sum, the Court finds that the ALJ appropriately provided germane reasons for discounting the parts of Plaintiff's testimony that were inconsistent with the record.

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the decision of the Administrative Law Judge is

1    **AFFIRMED**.

2        **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment

3    accordingly. The judgment will serve as the mandate of this Court.

4        Dated this 30th day of October, 2015.

James A. Teilborg
Senior United States District Judge